1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   DAVID M. HUMISTON  Bar No. 90579
2  EDWARD A. STUMPP  Bar No. 157682
   801 South Figueroa Street, 19th Floor
3  Los Angeles, California 90017-5556
   Telephone: (213) 426-6900
4  Facsimile: (213) 426-6921
   david.humiston@sdma.com
5  edward.stumpp@sdma.com

6  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   DENNIS G. ROLSTAD  Bar No. 150006
7  JAMISON R. NARBAITZ  Bar No. 219339
   One Market Plaza
8  Steuart Tower, 8th Floor
   San Francisco, CA  94105
9  Telephone:  (415) 781-7900
   Facsimile:  (415) 781-2635
10 dennis.rolstad@sdma.com
   jamison.narbaitz@sdma.com
11
   Attorneys for Defendant UNITED HEALTHCARE INSURANCE
12 COMPANY erroneously sued as UNITED HEALTH CARE
   HEALTH INSURANCE COMPANY
13

14                          UNITED STATES DISTRICT COURT

15                         NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16  JACK HANNA, | CASE NO.  C 07 3639 EDL |
| 17       Plaintiff, | **DEFENDANT UNITED HEALTHCARE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 18       v. | |
| 19  CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO | |
| 20  GENERAL HOSPITAL; UNITED HEALTH CARE HEALTH INSURANCE | |
| 21  COMPANY; and DOES 1-25, inclusive, | **[FED. RULE CIV. PRO. 12(b)(6)]** |
| 22       Defendants. | : |

23

24

25       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

26       PLEASE TAKE NOTICE that on August 27, 2007, at 9:00 a.m., or as soon as this matter

27 may be heard, in the above-entitled court located at 450 Golden Gate Avenue, San Francisco,

28 California 94102-3483, defendant United Healthcare Insurance Company erroneously sued as

1  United Health Care Health Insurance Company ("United"), will move this Court, pursuant to
2  Federal Rules of Civil Procedure, Rule 12 (b) (6), to dismiss Plaintiff Jack Hanna's ("Hanna")
3  entire Complaint, for a failure to state a claim against United upon which relief can be granted.
4  United will further notice the courtroom in which the hearing takes place following the
5  assignment of this matter to a Judge of that Court.
6       The motion is based upon this Notice of Motion and Motion, the attached Memorandum
7  of Points and Authorities, on all matters to which this Court may take judicial notice, on the
8  pleadings and records on file in this action, and on any other and further evidence and argument as
9  may be presented at the hearing of this motion.
10 DATED:  July 23, 2007            SEDGWICK, DETERT, MORAN & ARNOLD LLP
11
12                                  By:  s/Dennis G. Rolstad
                                         Dennis G. Rolstad
13                                       Jamison R. Narbaitz
                                         Attorneys for Defendant
14                                       United HEALTHCARE INSURANCE
                                         COMPANY erroneously sued as UNITED HEALTH
15                                       CARE HEALTH INSURANCE COMPANY
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION.**

Defendant United Healthcare Insurance Company, erroneously sued as United Health Care Health Insurance Company ("United"), hereby moves to dismiss Plaintiff Jack Hanna's ("Hanna") entire Complaint on file herein.  Hanna seeks a recovery of benefits allegedly due from his participation in an employee benefit plan as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  (See Declaration of Christina Stecki filed in conjunction with petition for removal and attached hereto as Exhibit "A.")  Rather than seek recovery under ERISA, Hanna brought seven state law causes of action all of which are specifically preempted by ERISA. The seven causes of action alleged are as follows:  1) Breach of Contract, 2) Bad Faith and Punitive Damages, 3) Negligent Misrepresentation and Concealment, 4) Common Counts, 5) Intentional Infliction of Emotional Distress, 6) Negligent Infliction of Emotional Distress, 7) Declaratory Relief.

In connection with these state law causes of action Hanna seeks general and special damages, as well as punitive damages and injunctive relief.  Both the state law causes of action and the remedies demanded are preempted by ERISA as they relate to an employee benefit plan and are in direct conflict with ERISA's enforcement scheme.  Consequently, an Order should issue from this Court and in favor of United, dismissing Plaintiff Hanna's Complaint in its entirety for a failure to state a claim for which relief may be granted, pursuant to Fed. Rule Civ. Proced., Rule 12 (b) (6).

**II.  ERISA PREEMPTS PLAINTIFF HANNA'S STATE LAW CAUSES OF ACTION.**

The Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, et seq., provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. section 1144(a)."  "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-2900, 77 L.Ed. 2d 490 (1983).

ERISA preempts state common law causes of action and claims under state law doctrines

1  that do not explicitly refer to employee benefit plans, when the claims arise from the plan
2  administration.  See, *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1356 (9th Cir. 1985) [breach of
3  contract, fraud and deceit]; *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 142-
4  144, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) [breach of contract, breach of the covenant of good
5  faith and fair dealing, breach of fiduciary duty, and intentional infliction of emotional distress];
6  *Crull v. Gem Ins. Co.*, 58 F.3d 1386 (9th Cir. 1995) [common law breach of contract and bad
7  faith claim preempted].  "[P]reemption of state law claim by ERISA depends on what conduct to
8  which such law is applied, not on the form or label of the law."  *Scott v. Gulf Oil Corp.*, 754 F.2d
9  1499, 1504 (9th Cir. 1985).
10         Although ERISA does not allow state tort suits that "relate to" an employee benefit plan,
11  ERISA nonetheless contains civil enforcement provisions that may be invoked by plan participants
12  or beneficiaries in order to bring certain listed actions in federal court.  These include actions to
13  recover benefits, actions for breach of fiduciary duties and suits to enjoin ERISA violations or to
14  enforce the provisions of the benefit plan.  29 U.S.C. section 1132.
15         This is in recognition of the United States Supreme Court's determination that "the civil
16  enforcement provisions of ERISA § 502(a)", 29 U.S.C. section 1132(a)(1), which allows for suits
17  to recover plan benefits are "the exclusive vehicle for actions by ERISA-plan participants and
18  beneficiaries asserting improper processing of a claim for benefits …."  *Crull v. Gem Ins. Co.*,
19  *supra*, at 1391 quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52, 107 S.Ct. 1549, 1555, 95
20  L.Ed. 2d 39 (1987).
21         In *Pilot Life*, the U.S. Supreme Court explained that ERISA § 502(a) sets out a
22  comprehensive civil enforcement scheme which was a careful balance between the need for
23  prompt and fair claims settlement procedures and the public interest to encourage the formation
24  of employee benefit plans.  *Pilot Life*, 481 U.S. at 54, 107 S.Ct. at 1556.
25         As the *Pilot Life* Court explained:
26         "The policy choices reflected in the inclusion of various remedies and the exclusion
           of others under the federal scheme would be completely undermined if ERISA-
27         plan participants and beneficiaries were free to obtain remedies under state law that
           Congress reflected in ERISA." *Id*.
28

1  However, certain types of damages that might be sought in a state court action, such as extra contractual damages, are not recoverable under ERISA's civil enforcement provisions. See, *Drinkwater v. Metropolitan Life Ins. Co.*, 845 F.2d 821, 925 (1st Cir. 1988) [ERISA does not provide for recovery of compensatory or emotional damages, otherwise known as extra contractual damages]; *Benvenuto v. Connecticut General Life Ins. Co.*, 678 F.Supp. 469, 472 (D.N.J. 1988) [neither extra contractual nor punitive damages were available to individual group medical insurance plan participant under ERISA for mishandling of claim]; *O'Neil v. GenCorp., Inc.*, 764 F.Supp. 833 (S.D.N.Y. 1991) [same]; *Swanson v. U.A. Local 13 Pension Plan*, 779 F.Supp. 690 (W.D.N.Y. 1991), affirmed 953 F.2d 636 [extra contractual damages for pain and suffering were not recoverable under ERISA]; *Russell*, 473 U.S. at 142-143 [ERISA beneficiary may not recover damages for emotional distress and punitive damages]; *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed. 2d 161 (1993) [traditional tort remedies are not available under the provision for "other appropriate equitable relief: found at 29 U.S.C. section 1132(a)(3).

Plaintiff's law causes of action seek to recover benefits allegedly due under the ERISA plan and undeniably "relates" to an ERISA plan. It is therefore preempted by the umbrella of ERISA. Plaintiff cannot recover the extra contractual damages he seeks here, such as general and special damages for the infliction of severe mental and emotional anguish, severe mental and emotional distress and sever pain and suffering, since his sole remedy is to prove an entitlement to his plan benefits under the exclusive enforcement provisions of ERISA.

1  **III.    CONCLUSION.**

2       Based on the foregoing, Defendant United Healthcare Insurance Company, erroneously

3  sued as United Health Care Health Insurance Company, respectfully request that this Court

4  dismiss Plaintiff Jack Hanna's entire Complaint and each cause of action contained therein,

5  pursuant to Fed. Rule Civ. Proced., Rule 12 (b) (6).

6  DATED:  July 23, 2007              SEDGWICK, DETERT, MORAN & ARNOLD LLP

7

8                                     By:  s/Dennis G. Rolstad
                                           Dennis G. Rolstad
9                                          Jamison R. Narbaitz
                                           Attorneys for Defendant
10                                         United HEALTHCARE INSURANCE
                                           COMPANY erroneously sued as United HEALTH CARE
11                                         HEALTH INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28