DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
LEONOR NOGUEZ, State Bar #152905
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3854
Facsimile:    (415) 554-3837
E-Mail:       leonor.noguez@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK HANNA,<br><br>           Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL, UNITED HEALTH CARE HEALTH INSURANCE COMPANY and DOES 1 to 25, inclusive,<br><br>           Defendants. | Case No. C 07-3639 CRB<br><br>DEFENDANT CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[FED. RULE CIV. PROC. 12(b)(6)]<br><br>Hearing Date:    October 5, 2007<br>Hearing Judge:   Hon. Charles R. Breyer<br>Time:            10:00 a.m.<br>Place:           Courtroom 8<br><br>Date Action Filed:   May 28, 2007<br>Trial Date:          None |

///

///

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 5, 2007 at 10:00 a.m., or as soon as this matter may be heard, in the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California 94102-3483, defendant City and County of San Francisco, San Francisco General Hospital, will move this Court, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, on all matters of which this Court takes judicial notice, on the pleadings and records on file in this action, and on any other evidence and argument presented at the hearing on this motion.

Dated:  August 23, 2007

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
LEONOR NOGUEZ
Deputy City Attorney

By:  */s/Leonor Noguez*
LEONOR NOGUEZ

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant City and County of San Francisco, San Francisco General Hospital hereby move to dismiss all causes of action filed against them in this action by plaintiff Jack Hanna. On May 28, 2007, Plaintiff filed suit in San Francisco Superior Court case number CGC-07-463-743 against the City and County of San Francisco, San Francisco General Hospital and United Health Care Health Insurance Company. On July 16, 2007, co-defendant United Healthcare Insurance Company ("United Healthcare") filed a notice of removal of the action to the District Court. On July 23, 2007, United Healthcare filed a motion to dismiss the action under Federal Rules of Civil Procedure, Rule 12(b)(6). On August 10, 2007, plaintiff Jack Hanna filed an amended complaint.

In his complaint, Plaintiff alleges that on July 17, 2004, he received medical treatment at San Francisco General Hospital ("General Hospital".)  He further alleges that at the time of this treatment he was insured by defendant, United Health Care Insurance Company ("United Health Care").  Plaintiff claims that United Health Care refused to pay and continues to refuse to pay the bills for the medical services that he received at General Hospital.  Plaintiff also seeks to hold the City and County of San Francisco (City) and General Hospital responsible for United Health Care's failure to pay.

On July 16, 2007, the City filed a demurrer to Plaintiff's complaint in state court for failure to comply with the California Tort Claims Act, Cal. Gov't Code §900 *et seq.* and failure to file a government tort claim.  A copy of the demurrer is attached to these moving papers as Exhibit A.  The City now brings this current motion to dismiss Plaintiff's amended complaint under Federal Rules of Civil Procedure Rule 12(b)(6).  Dismissal of Plaintiff's causes of action against the City and General Hospital is proper because Plaintiff did not file a government tort claim with the City.

## II. PLAINTIFF'S CLAIMS AGAINST THE CITY AND GENERAL HOSPITAL ARE BARRED AS A MATTER OF LAW.

Under California law, a plaintiff suing a public entity or a public employee must first file a tort claim with the public entity.  Cal. Gov. Code §§ 905, 910, 950.2.  In a federal case, causes of action arising from California law are subject to this claim filing requirement and the law governing such claims.  *Karim-Panahi v. LAPD*, 839 F.2d 621, 627 (9th Cir. 1988); *Ellis v. City of San Diego*, 176 F.3d 1183, 1190 (9th Cir. 1999).  A plaintiff must affirmatively plead compliance with the claims-presentation requirements.  *State v. Superior Court (Boddie)*, 32 Cal.4th 1234, 1239 (2004).  Here, Plaintiff failed to plead compliance, so that is sufficient ground to dismiss his causes of action against the City and General Hospital.

### A. Plaintiff Failed to File a Government Claim - His State Law Claims Are Barred

A plaintiff must file a written claim within six months of the accrual of the claim for claims relating to causes of action for death, injury to person, personal property or growing crops.  Cal. Gov. Code § 911.2.  For claims relating to any other cause of action, the period for filing a written claim is one year from the accrual of the cause of action.  Cal. Gov. Code § 911.2.  Presentation of a

3

1  claim, when required by law, is therefore a mandatory prerequisite to maintenance of any cause of
2  action against a public entity." *Dilts v. Cantua Elem. School Dist.*, 189 Cal.App.3d 27, 31 (1987).
3  While a plaintiff in some circumstances may seek to file a late claim, if more than a year has passed
4  since accrual, failure to file is a jurisdictional bar to any claim. *Santee v. Santa Clara City Office of*
5  *Educ.*, 220 Cal.App.3d 702, 713 (1990). The late claim procedure is not available for claims
6  subject to the one-year rule. *See, Wheeler v. County of San Bernardino,* 76 Cal.App.3d 841 (1978).
7  Here, Plaintiff claims that he received medical services at General Hospital on July 17, 2004
8  and that his right to submit a bill to United Health Care for payment of those medical services
9  expired on July 17, 2005. Plaintiff filed suit in state court on May 28, 2007. He never filed a
10 government claim with the City. The City respectfully requests that under the Federal Rules of
11 Evidence, Rule 201, this Court take judicial notice of the Declaration of Matthew Rothschild, page
12 2, ¶¶ 6-8. That declaration is attached to the City's demurrer filed in the state court action; the
13 demurrer is attached to these moving papers as Exhibit A. Because Plaintiff did not file a
14 government claim at anytime, nor seek leave to file a late claim within a year under the six-month
15 claims presentation requirement, his state law claims are absolutely barred.

## III.  CONCLUSION

For all of the reasons stated, defendants City and County of San Francisco and San Francisco General Hospital respectfully request that this Court dismiss all of plaintiff Jack Hanna's causes of action against them under Federal Rules of Civil Procedure, Rule 12(b)(6).

Dated: August 23, 2007

    DENNIS J. HERRERA
    City Attorney
    JOANNE HOEPER
    Chief Trial Deputy


By: /s/Leonor Noguez
    LEONOR NOGUEZ
    Deputy City Attorney

    Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO