# EXHIBIT "A"

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  LEONOR NOGUEZ, State Bar #152905
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:   (415) 554-3854
6  Facsimile:   (415) 554-3837
   E-Mail:      leonor.noguez@sfgov.org
7

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO
9

ENDORSED
FILED
San Francisco County Superior Court

JUL 1 6 2007

GORDON PARK-LI, Clerk
BY: CAROLYN BALISTRERI
            Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       COUNTY OF SAN FRANCISCO

12                        UNLIMITED JURISDICTION

| | |
|---|---|
| 13  JACK HANNA, | Case No. 463-743 |
| 14       Plaintiff, | **NOTICE OF MOTION AND MEMORANDUM OF POINTS AND** |
| 15       vs. | **AUTHORITIES IN SUPPORT OF DEFENDANT CITY AND COUNTY OF** |
| 16  CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO | **SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL'S DEMURRER** |
| 17  GENERAL HOSPITAL, UNITED HEALTH CARE HEALTH INSURANCE | Hearing Date:    August 14, 2007 |
| 18  COMPANY and DOES 1 to 25, inclusive, | Hearing Judge:   Hon. Peter J. Busch |
|  | Time:            9:30 a.m. |
| 19       Defendants. | Place:           Dept. 301 |
| 20  | Date Action Filed:   May 28, 2007 |
|  | Trial Date:          None |
| 21  | |
| 22  | |

24  **TO PLAINTIFF JACK HANNA AND HIS ATTORNEY OF RECORD:**

25       PLEASE TAKE NOTICE THAT at 9:30 a.m. on August 14, 2007, in Department 301 in the

26  above-entitled court, located at 400 McAllister Street, San Francisco, California, defendants City

27  and County of San Francisco and San Francisco General Hospital will bring on for hearing their

28  Demurrer to plaintiff's Complaint.

                                    2

1   This Demurrer is made on the following grounds:

2        1.    That Plaintiff's Complaint is subject to general demurrer for failing to allege

3   compliance with the California Tort Claims Act , Cal. Gov't. Code §900 *et seq.*.  Code of Civil

4   Procedure 430.10(e).

5        Defendants' demurrer is based upon this Notice, the Demurrer to the Complaint, the

6   Memorandum of Points and Authorities, the Declaration of Leonor Noguez, and upon such

7   argument and other evidence as may be received by the Court at the time of the hearing.

8   Dated:  July 16, 2007

                                DENNIS J. HERRERA
9                               City Attorney
                                JOANNE HOEPER
10                              Chief Trial Deputy

11

12                              By:
                                     LEONOR NOGUEZ

13
                                Attorneys for Defendants CITY AND COUNTY OF
14                              SAN FRANCISCO

15                              **DEMURRER**

16       Defendants hereby demursto Plaintiff's Complaint on grounds that Plaintiff has failed to

17  allege compliance with the California Tort Claims Act , Cal. Gov't. Code §§900 *et seq.*, requiring

18  dismissal of his causes of action against them.  *See* Gov't Code § 945.4; *Mazzola v. Feinstein* (1984)

19  154 Cal.App.3d 305, 310.

20                              **INTRODUCTION**

21       Plaintiff Jack Hanna received medical care at San Francisco General Hospital on July 17,

22  2004 and claims that he was covered by a policy of medical insurance on that date.  Mr. Hanna

23  claims that his carrier, United Health Care Health Insurance Company refused and continues to

24  refuse to pay for the medical care that he received at San Francisco General Hospital.  Mr. Hanna

25  (Plaintiff)also seeks to hold the City and County of San Francisco (the "City") and San Francisco

26  General Hospital ("General Hospital") responsible for United Health Care's failure to pay

27       The City and General Hospital demur to the complaint in its entirety because Plaintiff fails

28  to allege affirmative compliance with the Government Tort Claims Act.  Compliance with the Tort

3

1  Claims Act is required for actions against public employees and public entities. Accordingly,

2  Plaintiff's complaint should be dismissed without leave to amend as against the City and General

3  Hospital.

**ARGUMENT**

4

5  **I.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE CITY AND GENERAL HOSPITAL BECAUSE HE DOES NOT PLEAD COMPLIANCE WITH THE TORT CLAIMS ACT.**

6

7         The California Tort Claims Act, Cal. Gov't. Code §§ 900 *et seq.*, requires an injured person

8  to present his or her claims for money or damages against local public entities before bringing suit

9  on the claims. *See* Cal. Gov't. Code §§ 905, 910, 945.4. "[N]o suit for money or damages may be

10 brought against a public entity on a cause of action for which a claim is required to be presented . . .

11 until a written claim therefor has been presented to the public entity" and has been rejected in whole

12 or part. *Id.*, § 945.4. Presentation of tort claims is thus a mandatory prerequisite to maintaining a

13 tort cause of action against a public entity, and a failure to file the claim is fatal to the cause of

14 action. *See Mazzola v. Feinstein* (1984) 154 Cal.App.3d 305, 310. In the present case Plaintiff filed

15 suit against the City and General Hospital, thus he was required to file a tort claim to pursue an

16 action against them.

17        The rule requiring the presentation of a government claim also applies to claims against

18 public *employees* acting within the scope of their employment. Government Code section 950.2

19 provides that if a cause of action against a public entity is barred for failure to present a government

20 claim, a cause of action against a public employee for an alleged injury resulting from an act or

21 omission in the scope of his employment as a public employee is also barred. *See Neal v. Gatlin*

22 (1973) 35 Cal.App.3d 871 (affirming general demurrer to claim against public employee where no

23 claim presented to public entity); *Meester v. Davies* (1970) 11 Cal.App.3d 342 (same).

24        Moreover, a cause of action on a claim that is subject to the statutory procedure must

25 *affirmatively allege* compliance with the claims-presentation requirement. *See C.A. Magistretti Co.*

26 *v. Merced Irrig. Dist.* (1972) 27 Cal.App.3d 270, 274-275. The absence of allegations asserting

27 compliance with the claims requirement renders a complaint subject to attack for failure to state a

28 claim. *See Dujardin v. Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 355.

1    Because Plaintiff seeks money damages, his claims are subject to the claims presentation

2    requirement. *See* Noguez Decl. Ex. A at p. 2 [seeking damages in the amount of "8,726"]; Gov't

3    Code §945.4; *Hart v. County of Alameda* (1999) 76 Cal.App.4th 766, 778 ("A suit for 'money or

4    damages' includes all actions where the plaintiff is seeking monetary relief, regardless of whether

5    the action is founded in 'tort, contract or some other theory'") (internal quotations omitted). Yet

6    Plaintiff has failed to affirmatively allege compliance with the claims presentation requirement. *See*

7    Noguez Decl., Ex. A at p. 2. Plaintiff's state law causes of action against the City and General

8    Hospital are therefore subject to demurrer for failure to state a claim.

9    **II.    PLAINTIFF'S ACTION IS BARRED BECAUSE HE HAS, IN FACT, NOT FILED A
         GOVERNMENT TORT CLAIM.**

10

11    Moreover, Plaintiff cannot amend his complaint to allege compliance with the Tort Claims

12    Act because he has, in fact, failed to file a tort claim based on the allegations of the instant

13    complaint.[1] *See* Declaration of Matthew Rothschild In Support of Defendant's Demurrer ¶¶6-8.

14    Accordingly, Plaintiff's actions against the City and General Hospital must be dismissed in their

15    entirety. *See* Cal. Gov't Code § 945.4; *Mazzola,* 154 Cal.App.3d at 310; *Neal,* 35 Cal.App.3d 871;

16    *Meester,* 11 Cal.App.3d 342.

17

18

19

20

21

22

23

24    / / /

25    _____

         [1] The City requests that the Court take judicial notice of the fact that Plaintiff has not filed a
26    claim pursuant to Evidence Code §452c. The absence of a claim is a public record of which this
         Court may take judicial notice. *Cf. Emrich v. Touche Ross & Co.* (9th Cir. 1986) 846 F.2d 1190,
27    1198. The supporting documentation for the absence of this public record is the Declaration of
         Matthew Rothschild.

28

NOTICE & MPA ISO DEFENDANTS CCSF/SF GEN DEMURRER, NO. 463-743          n:\lit\li2007\071609\00425641.doc

1

2    **CONCLUSION**

For the foregoing reasons, the City and General Hospital's demurrer should be granted and

3    this Court should enter an order dismissing all of Plaintiff's causes of action against the City and

4    General Hospital for failing to allege compliance with the Tort Claims Act or to file a government

5    claim.

6

7    Dated: July 16, 2007

8                                    DENNIS J. HERRERA
                                     City Attorney
9                                    JOANNE HOEPER
                                     Chief Trial Deputy
10                                   LEONOR NOGUEZ
                                     Deputy City Attorney

11

12                                   By: _____
                                        LEONOR NOGUEZ
13

14                                   Attorneys for Defendant
                                     CITY AND COUNTY OF SAN FRANCISCO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE & MPA ISO DEFENDANTS CCSF/SF GEN DEMURRER, NO. 463-743        n:\lit\li2007\071609\00425641.doc

**PROOF OF SERVICE**

I, COLLEEN M. GARRETT, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On July 16, 2007, I served the following document(s):

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL'S DEMURRER**

**DECLARATION OF MATTHEW ROTHSCHILD IN SUPPORT OF DEMURRER BY DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND SAN FRANCISCO GENERAL HOSPITAL**

**DECLARATION OF LEONOR NOGUEZ IN SUPPORT OF DEMURRER BY DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND SAN FRANCISCO GENERAL HOSPITAL**

**PROPOSED ORDER GRANTING DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND SAN FRANCISCO GENERAL HOSPITAL'S DEMURRER**

on the following persons at the locations specified:

**Norman Newhouse, Esq.**
**LAW OFFICE OF NORMAN NEWHOUSE**
**495 Seaport Court, Suite 103**
**Redwood City, CA  94063**
**Telephone:     650/365-8534**
**Facsimile:     650/365-1218**

in the manner indicated below:

☒    **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed July 16, 2007, at San Francisco, California.

_____
**COLLEEN M. GARRETT**

NOTICE & MPA ISO DEFENDANTS CCSF/SF GEN DEMURRER, NO. 463-743        n:\lit\li2007\071609\00425641.doc

DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
LEONOR NOGUEZ, State Bar #152905
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3854
Facsimile:    (415) 554-3837
E-Mail:    leonor.noguez@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 1 6 2007

GORDON PARK-LI, Clerk
BY: CAROLYN BALISTRERI
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| JACK HANNA,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL, UNITED HEALTH CARE HEALTH INSURANCE COMPANY and DOES 1 to 25, inclusive,<br><br>        Defendants. | Case No. 463-743<br><br>**DECLARATION OF MATTHEW ROTHSCHILD IN SUPPORT OF DEMURRER BY DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND SAN FRANCISCO GENERAL HOSPITAL**<br><br>Hearing Date:    August 14, 2007<br>Hearing Judge:    Hon. Peter J. Busch<br>Time:    9:30 a.m.<br>Place:    Dept. 301<br><br>Date Action Filed:    May 28, 2007<br>Trial Date:    None |

I, MATTHEW ROTHSCHILD, hereby declare:

1.    I currently am employed by the City and County of San Francisco's City Attorney's Office as a Deputy City Attorney, and I am currently the head of the office's Claims Division.

1

1    2.    I have personal knowledge of the following facts except those stated on information

2    and belief.  As to those facts, I believe them to be true.  If called upon to testify, I could and would

3    testify competently to the contents of this declaration.

4    3. As the head of the Claims Department, I am the custodian of records of all claims and

5    late-claim applications filed against the City, as well as notices and paperwork generated by my

6    division in response to claims and late-claim applications.

7    4. I am familiar with and have personal knowledge of the filing process for claims and late-

8    claim applications against the City as well as the procedure followed by members of my office in

9    response to claims and late-claim applications.

10    5. I am also familiar with and have personal knowledge of the filing and maintenance of the

11    records and files of claims, late-claim applications, and notices and paperwork generated in

12    response to claims and late-claim applications.

13    6. The Claims Department has diligently searched for claims filed by Jack Hanna.

14    7. I have also personally reviewed the Claims Department's computer records for all claims

15    filed by Jack Hanna.

16    8. I did not find any government claims filed by Jack Hanna.

17    I declare under penalty of perjury under the laws of the State of California that the foregoing

18    is true and correct.

19    Executed July 16 2007 at San Francisco, California.

20

21    MATTHEW ROTHSCHILD

22

23

24

25

26

27

28

DEMURRER: DECL. ISO BY MATTHEW ROTHSCHILD , CASE NO. 463-743        n:\lit\li2007\071609\00425709.doc

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  LEONOR NOGUEZ, State Bar #152905
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3854
6  Facsimile:     (415) 554-3837
   E-Mail:        leonor.noguez@sfgov.org
7

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN FRANCISCO

12                        UNLIMITED JURISDICTION

13  JACK HANNA,                          Case No. 463-743

14            Plaintiff,                 DECLARATION OF LEONOR NOGUEZ
                                         IN SUPPORT OF DEMURRER BY
15       vs.                             DEFENDANTS CITY AND COUNTY OF
                                         SAN FRANCISCO AND SAN
16  CITY AND COUNTY OF SAN               FRANCISCO GENERAL HOSPITAL
    FRANCISCO, SAN FRANCISCO
17  GENERAL HOSPITAL, UNITED             Hearing Date:     August 14, 2007
    HEALTH CARE HEALTH INSURANCE         Hearing Judge:    Hon. Peter J. Busch
18  COMPANY and DOES 1 to 25, inclusive, Time:             9:30 a.m.
                                         Place:            301
19            Defendants.
                                         Date Action Filed:  May 28, 2007
20                                       Trial Date:         None

21                                       Attached Documents:  Complaint

22

23

24       I, LEONOR NOGUEZ, declare as follows:

25       1.  I am a Deputy City Attorney in the San Francisco City Attorney's Office, which is

26  counsel of record to the Defendant in the above-captioned matter.

27

28
                                    1
   DEMURRER: DECL. ISO BY L.NOGUEZ, CASE NO. 463-743              n:\lit\li2007\071609\00425727.doc

1        2.  I make this declaration in support of Defendant City and County of San Francisco

2    and San Francisco General Hospital's Demurrer.  I have personal knowledge of the facts set forth

3    below and I could and would testify competently thereto if called upon to do so.

4        3.  Attached hereto as Exhibit A is a true and correct copy of Plaintiff's complaint in this

5    action.

6        I declare under penalty of perjury under the laws of the State of California that the foregoing

7    is true and correct.  Executed on July 16, 2007 at San Francisco, California.

8

9                                                         LEONOR NOGUEZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEMURRER: DECL. ISO BY L.NOGUEZ, CASE NO. 463-743

n:\lit\li2007\071609\00425727.doc

1   LAW OFFICE OF NORMAN NEWHOUSE
    NORMAN NEWHOUSE, No. 104746
2   495 Seaport Court, Suite 103
    Redwood City, CA 94063
3   Telephone: 650-365-8534
    Facsimile: 650-365-1218
4
    Attorney for Plaintiff
5   JACK HANNA

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2007 MAY 28  PM 8: 47

GORDON PARK - LI, CLERK

Deborah Steppe CASE MANAGEMENT CONFERENCE
BY:_____
    DEPUTY CLERK

OCT 2 6 2007  -9:

DEPARTMENT 212

6

7

8                  **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                    **IN AND FOR THE COUNTY OF SAN FRANCISCO**

10

11   JACK HANNA,                         )   Case No. **CGC-07-463743**
                                         )
12            Plaintiffs,                )   **COMPLAINT FOR INDEMNITY,**
                                         )   **DECLARATORY RELIEF, DAMAGES**
13            v.                         )   **FOR BREACH OF CONTRACT, FRAUD,**
                                         )   **BREACH OF THE INSUREER'S**
14   CITY AND COUNTY OF SAN              )   **COVENANT OF GOOD FAITH AND**
     FRANCISCO, SAN FRANCISCO            )   **FAIR DEALING, PUNITIVE DAMAGES**
15   GENERAL HOSPITAL, UNITED            )
     HEALTH CARE HEALTH INSURANCE        )
16   COMPANY and DOES 1 to 25, inclusive,)
                                         )
17            Defendants.                )
18   _____ )

19        Plaintiff alleges:

20                        **JURISDICTIONAL ALLEGATIONS**

21        1.      Plaintiff Jack Hanna is an individual residing in the County of San Mateo, State of

22   California.  Plaintiff was insured at all times mentioned herein under a policy of insurance, policy

23   number 901715891, with defendant United Health Care Health Insurance Company selling health

24   insurance in California.

25        2.      Defendant City and County of San Francisco is a California municipality operating San

26   Francisco General Hospital where Plaintiff received medical treatment.

27   ///

28

Complaint for Indemnity, Declaratory Relief, Damages for Breach of Contract, Fraud, Breach of the Insureer's Covenant
of Good Faith and Fair Dealing, Punitive Damages
                                                                                            1

                              **Exhibit** _____ _A_

3.      The true names and capacities, whether individual, corporate, associate, co-conspirators, or otherwise, of defendants does 1 through 25, inclusive, are currently unknown to Plaintiff who therefore sues those Defendants by fictitious names and will amend his complaint to show the true names and capacities of the Doe Defendants when ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the Doe Defendants is and was legally responsible to Plaintiff for the events, omissions, and happenings alleged herein by way of direct, vicarious or co-conspirator liability.

## OCCURRENCE ALLEGATIONS

4.      At all times mentioned herein Plaintiff was insured by defendant United Healthcare, policy number 901715891 for medical treatment.

5.      The policy, among other coverages and agreements provided, included an obligation by United healthcare to pay for medical treatment Plaintiff received on July 17, 2004 at San Francisco General Hospital. The cost of the San Francisco General Hospital treatment was $8,726.00.

6.      On July 17, 2004, the United Health Care policy was in force but United Health Care has refused and continues to refuse to pay the medical bill Plaintiff incurred at San Francisco General Hospital on that date.

7.      Both Plaintiff and the San Francisco General have tendered the medical bill to United Health Care. United Health Care has based its refusal to pay the medical bill on an alleged policy provision stating that the medical bill must be presented to it within one year of it being incurred.

8.      Plaintiff provided San Francisco General with his United Health Care insurance card when he was a patient there on July 17, 2004. Plaintiff does not know if or why San Francisco General, if it did not, failed, if fail it did, to present his medical bill to United Health Care within the one-year time.

9.      Plaintiff did not actually know of, and had no constructive knowledge or notice and opportunity to investigate and remedy, the dispute between San Francisco General and United Health Care until after the one-year time period in which to present the medical bill to United Health Care had already expired.

## DAMAGES ALLEGATIONS

10.    Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth, Paragraphs 1 through 9 of this Complaint.

11.    Plaintiff is damaged in the amount of the $8,726.00 San Francisco General medical bill and for all costs and attorneys fees accrued in enforcing his contract rights against Defendants.

12.    As a proximate result of the acts of Defendants, Plaintiff was injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person and, among others, sustained emotional and physical distress, highly unpleasant emotional reactions, including fright, shock, nervousness, anxiety, worry, horror, grief, mortification, humiliation, embarrassment, indignity, apprehension, fear and terror, all of which injuries have caused Plaintiff to suffer extreme and severe physical pain and mental anguish.  These injuries will result in some permanent disability to Plaintiff all to his general damages in a sum unknown at this time.

### FIRST CAUSE OF ACTION
### FOR BREACH OF CONTRACT

11.    Plaintiff re-alleges and incorporates by reference each and every allegations made in paragraphs 1 through 10, inclusive.

12.    Defendants have breached the policy of insurance by declining to provide Plaintiff benefits under the policy.

13.    Plaintiff has performed all tasks required of him pursuant to the contract.

14.    Beginning after July 17, 2005 and repeatedly thereafter Defendants have further breached the contract of insurance by refusing Plaintiffs' repeated tenders and demands for benefits under the policy.

### SECOND CAUSE OF ACTION
### FOR BAD FAITH AND PUNITIVE DAMAGES

15.    Plaintiff re-alleges and incorporates by reference each and every allegations made in paragraphs 1 through 14, inclusive.

///

Complaint for Indemnity, Declaratory Relief, Damages for Breach of Contract, Fraud, Breach of the Insureer's Covenant of Good Faith and Fair Dealing, Punitive Damages                                                                3

16.    In acting as alleged, Defendants, and each of them have unreasonably withheld from Plaintiff the benefits of the insurance policy without proper cause. Defendants, and each of them, have thereby breached the implied covenant with Plaintiff to act fairly and to deal in good faith. By reason of said breach, Plaintiff has incurred attorney's fees and litigation costs necessary to prove that he is entitled to coverage under the policy.

17.    The unreasonable withholding of Plaintiff's benefits under the policy without proper cause, as described, is based on Defendant's refusal to provide Plaintiff benefits under the policy for some reason unknown to Plaintiff. Defendants have been informed repeatedly of the occurrences and tender for policy benefits under the policy and have unreasonably continued to refuse Plaintiff benefits to which he is entitled.

18.    In acting as alleged, Defendants, and each of them, have engaged in conduct which is malicious, fraudulent, despicable, willful, oppressive, reckless and in conscious disregard of the rights of Plaintiff so as to justify the award of exemplary and punitive damages against Defendants.

## THIRD CAUSE OF ACTION

### FOR NEGLIGENT MISREPRESENTATION AND CONCEALMENT

19.    Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth, Paragraphs 1 through 18 of this Complaint.

20.    Defendant San Francisco General failed to comply with United Health Care policy provision that its medical bill be presented within one year. Defendant San Francisco General Hospital had superior knowledge and ability and information of health care insurer occurs billing requirements.

21.    Plaintiff had no knowledge or reason to know of the one-year billing requirement. Plaintiff reasonably relied upon Defendant San Francisco General Hospital's express and/or implied representation that it would present the billing to United Health Care in compliance with the provisions of the policy.

///

///

Complaint for Indemnity, Declaratory Relief, Damages for Breach of Contract, Fraud, Breach of the Insureer's Covenant of Good Faith and Fair Dealing, Punitive Damages                                                                                                4

22.    Defendant San Francisco General Hospital misrepresented, concealed or suppressed from Plaintiff the above alleged material facts that it was bound to disclose. Defendant San Francisco General instead represented to Plaintiff that it would deal directly with United Health Care in billing and receiving payment for Plaintiff's medical treatment there. Defendant San Francisco General Hospital had no reasonable grounds for believing in misrepresentation and concealment was true. Plaintiff did not know the misrepresentations and concealments were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

## FOURTH CAUSE OF ACTION

## FOR COMMON COUNTS

23.    Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth, Paragraphs 1 through 22 of this Complaint.

24.    Within the last four years Defendant United Health Care became indebted to Plaintiff for money had and received for the use and benefit of Plaintiff for services rendered to Plaintiff for which Defendant promised to pay in the sum of $8,726.00, said amount being the reasonable value due and unpaid despite Plaintiffs demand, plus prejudgment interest according to proof at the statutory rate.

## FIFTH CAUSE OF ACTION

## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.    Plaintiff hereby re-alleges and incorporates by reference herein as though fully set forth, paragraphs 1 through 24 of this complaint.

26.    Defendants and each of them engaged in conduct that was outrageous and either intended to cause Plaintiff emotional distress or with reckless disregard of the probability that Plaintiff would suffer emotional distress, that Defendants knew or should have known that Plaintiff would suffer emotional distress. Plaintiff did suffer severe emotional distress, still suffers emotional distress. Defendants' conduct was a substantial factor in causing Plaintiffs severe emotional distress.

///

///

Complaint for Indemnity, Declaratory Relief, Damages for Breach of Contract, Fraud, Breach of the Insureer's Covenant of Good Faith and Fair Dealing, Punitive Damages                                                          5

27.    Defendant's conduct was so extreme that it went beyond all possible bounds of decency. A reasonable person in the community would regard the conduct as intolerable in a civilized community.

28.    Defendants abused their positions of authority, positions that gave them real and apparent power to affect Plaintiff's and the interests and knew or should have known that their conduct would likely result in emotional and mental harm to Plaintiff.

## SIXTH CAUSE OF ACTION

### FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29.    Plaintiff hereby re-alleges and incorporates by reference herein as though fully set forth, paragraphs 1 through 28 of this complaint.

30.    Defendants' conduct was negligent. Plaintiff suffered serious emotional distress due to Plaintiff's conduct. Defendants negligence was a substantial factor in causing Plaintiffs serious emotional distress.

## SEVENTH CAUSE OF ACTION

### FOR DECLARATORY RELIEF

31.    Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth, Paragraphs 1 through 30 of this Complaint.

32.    Plaintiff seeks declaratory relief pursuant to §1060 of the California Code of Civil Procedure for a judicial determination of the rights and duties of Plaintiff and Defendants with respect to an actual controversy arising under the insurance policy.

33.    An actual controversy exists between and among Plaintiff and Defendants concerning their respective rights and obligations as to coverage under the policy.

34.    Plaintiff contends and desires a judicial determination and declaration that Defendant United Health Care owes Plaintiff insurance coverage under the policy and have a duty to reimburse Plaintiff for all sums he is paid to establish coverage under the policy.

///

///

Complaint for Indemnity, Declaratory Relief, Damages for Breach of Contract, Fraud, Breach of the Insureer's Covenant of Good Faith and Fair Dealing, Punitive Damages

6

35.    Plaintiff further contends that Defendant San Francisco General failed in its duty to Plaintiff to comply with United Health Care policy requirement that its medical bill be presented within one year.  Defendant San Francisco General Hospital had superior knowledge and ability and information of health care insurer occurs billing requirements.  Plaintiff had no knowledge or reason to know of the one-year billing requirement.  Plaintiff reasonably will relied upon Defendant San Francisco General Hospital's express and/or implied representation that it would present the billing to United Health Care in compliance with the provisions of the policy.

36.    Plaintiff is informed and believes and on that basis alleges that the contentions of Defendants concerning the parties' respective rights and obligations as to coverage under the policy are in conflict with Plaintiff's contentions and desires a judicial termination of the respective rights and duties and the Court's declaration that the Plaintiff's contentions as set forth above are correct.

37.    Such a declaration is necessary and proper at this time in order that all parties will be bound by the same interpretation of the insurance policy and may determine their rights and obligations among themselves so as to avoid the multiplicity of legal actions that would otherwise be necessary.

38.    By forcing Plaintiff to pursue his insurance coverage through this litigation Defendants have obligated themselves as a matter of law to pay attorney's fees and other expenses incurred by Plaintiff in this action.  These expenses are payable in addition to the limits of the policy.  Plaintiff will continue to in cover fees and expenses in this action and said it amounts are expected to increase substantially by the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For general damages;

2.    For attorney's fees from date of first tender;

3.    For punitive damages against United Healthcare Only;

4.    For costs of suit herein;

5.    For interest from date of first tender;

Complaint for Indemnity, Declaratory Relief, Damages for Breach of Contract, Fraud, Breach of the Insureer's Covenant of Good Faith and Fair Dealing, Punitive Damages                                                                                    7

1    6.    For declaratory relief; and

2    7.    For all such other and further relief as the Court may deem proper.

3

4

5

6    Dated: May 23, 2007

7                                        NORMAN NEWHOUSE
                                         Attorney for Plaintiff JACK HANNA
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Indemnity, Declaratory Relief, Damages for Breach of Contract, Fraud, Breach of the Insureer's Covenant    8
of Good Faith and Fair Dealing, Punitive Damages