LAW OFFICE OF NORMAN NEWHOUSE
NORMAN NEWHOUSE, No. 104746
483 Seaport Court, Suite 103
Redwood City, CA 94063
Telephone: 650-365-8534
Facsimile: 650-365-1218

Attorney for Plaintiff
JACK HANNA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK HANNA,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL, UNITED HEALTH CARE INSURANCE COMPANY and DOES 1 to 20, inclusive, inclusive,<br><br>  Defendants. | Case No.: C 07-03639 EDL<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INDEMNITY, COMMON COUNT AND ERISA CLAIMS** |

Plaintiff alleges:

## JURISDICTIONAL ALLEGATIONS

1.    Plaintiff Jack Hanna is an individual residing in the County of San Mateo, State of California.  Plaintiff was insured at all times mentioned herein under a policy of insurance, policy number 901715891, with defendant United Health Care Insurance Company selling health insurance in California.

2.    Defendant City and County of San Francisco and San Francisco General Hospital is a California municipality operating San Francisco General Hospital where Plaintiff received medical treatment.

3.     The true names and capacities, whether individual, corporate, associate, co-conspirators, or otherwise, of Defendants Does 1 to 20, inclusive, are currently unknown to Plaintiff who therefore sues those Defendants by fictitious names and will amend his complaint to show the true names and capacities of the Doe Defendants when ascertained.  Plaintiff is informed and believes, and therefore alleges, that each of the Doe Defendants is and was legally responsible to Plaintiff for the events, omissions, and happenings alleged herein by way of direct, vicarious or co-conspirator liability.

## OCCURRENCE ALLEGATIONS

4.     At all times mentioned herein Plaintiff was insured by defendant United Healthcare, policy number 901715891 for medical treatment.

5.     The policy, among other coverages and agreements provided, included an obligation by United healthcare to pay for medical treatment Plaintiff received on July 17, 2004 at San Francisco General Hospital.  The cost of the San Francisco General Hospital treatment was $8,726.00.

6.     On July 17, 2004, the United Health Care policy was in force but United Health Care has refused and continues to refuse to pay the medical bill Plaintiff incurred at San Francisco General Hospital on that date.

7.     Both Plaintiff and the San Francisco General have tendered the medical bill to United Health Care.  United Health Care has based its refusal to pay the medical bill on an alleged policy provision stating that the medical bill must be presented to it within one year of it being incurred.

8.     Plaintiff provided San Francisco General with his United Health Care insurance card when he was a patient there on July 17, 2004.  Plaintiff does not know if or why San Francisco General, if it did not, failed, if fail it did, to present his medical bill to United Health Care within the one-year time.

9.     Plaintiff did not actually know of, and had no constructive knowledge or notice and opportunity to investigate and remedy, the dispute between San Francisco General and United Health Care until after the one-year time period in which to present the medical bill to United Healthcare.

///

Second Amended Complaint for Declaratory Relief, Indemnity, Common Count and Erisa Claims                    2

# FIRST CAUSE OF ACTION

## AGAINST CITY AND COUNTY OF SAN FRANCISCO
## AND SAN FRANCISCO GENERAL HOSPITAL AND UNITED HEALTHCARE
## INSURANCE COMPANY ERRONEOUSLY SUED AS UNITED HEALTHCARE
## HEALTH INSURANCE COMPANY FOR DECLARATORY RELIEF

10.     Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth, Paragraphs 1 through 9 of this Complaint.

11.     Plaintiff seeks declaratory relief pursuant to section 1060 of the California Code of Civil Procedure for a judicial determination of the rights and duties of Plaintiff and Defendants with respect to an actual controversy arising under the insurance policy.

12.     An actual controversy exists between and among Plaintiff and Defendants concerning their respective rights and obligations as to coverage under the policy.

13.     Plaintiff contends and desires a judicial determination and declaration that Defendant United Health Care owes Plaintiff insurance coverage under the policy and have a duty to reimburse Plaintiff for all sums he is paid to establish coverage under the policy.

14.     Plaintiff further contends that Defendant San Francisco General failed in its duty to Plaintiff to comply with United Health Care policy requirement that its medical bill be presented within one year.  Defendant San Francisco General Hospital had superior knowledge and ability and information of health care insurer occurs billing requirements.  Plaintiff had no knowledge or reason to know of the one-year billing requirement.  Plaintiff reasonably relied upon Defendant San Francisco General Hospital's express and/or implied representation that it would present the billing to United Health Care in compliance with the provisions of the policy.

15.     Plaintiff is informed and believes and on that basis alleges that the contentions of Defendants concerning the parties' respective rights and obligations as to coverage under the policy are in conflict with Plaintiff's contentions and desires a judicial termination of the respective rights and duties and the Court's declaration that the Plaintiff's contentions as set forth above are correct.

///

///

1    16.    Such a declaration is necessary and proper at this time in order that all parties will be

2  bound by the same interpretation of the insurance policy and may determine their rights and

3  obligations among themselves so as to avoid the multiplicity of legal actions that would otherwise be

4  necessary.

5    17.    By forcing Plaintiff to pursue his insurance coverage through this litigation

6  Defendants have obligated themselves as a matter of law to pay attorney's fees and other expenses

7  incurred by Plaintiff in this action.  These expenses are payable in addition to the limits of the policy.

8  Plaintiff will continue to in cover fees and expenses in this action and said it amounts are expected to

9  increase substantially by the time of trial.

10                              **SECOND CAUSE OF ACTION**

11        **FOR INDEMNIFICATION BY UNITED HEALTH CARE INSURANCE COMPANY**

12    18.    Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth,

13  Paragraphs 1 through 17 of this Complaint.

14    19.    If plaintiff is found in some manner obligated to San Francisco General Hospital or to

15  anyone else as a result of the incidents and occurrences described in this, plaintiff's liability would be

16  based solely upon a derivative form of liability not resulting from any conduct, but only from an

17  obligation imposed upon plaintiff by law.  Therefore, plaintiff would be entitled to complete

18  indemnity from United Healthcare Insurance Company

19                              **THIRD CAUSE OF ACTION**

20      **FOR ERISA CLAIMS AGAINST UNITED HEALTHCARE INSURANCE COMPANY**

21    **ERRONEOUSLY SUED AS UNITED HEALTHCARE HEALTH INSURANCE COMPANY**

22    20.    Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth,

23  Paragraphs 1 through 19 of this Complaint.

24    21.    Plaintiff seeks recovery from United Healthcare Company for benefits allegedly due

25  from his participation in an employee benefit plan as defined in the employee retirement income

26  security act of 1974 (ERISA), 29 USC §1001.

27  ///

28  ///

Second Amended Complaint for Declaratory Relief, Indemnity, Common Count and Erisa Claims            4

22.    ERSIA contains civil enforcement provisions that may be invoked by plan participants or beneficiaries in order to bring certain causes of action into federal court.  Causes of action may be brought into federal court to recover benefits, actions for breach of fiduciary duties, suits to enjoin ERISA violations, or to enforce the provisions of the benefit plan.

## FOURTH CAUSE OF ACTION
## AGAINST CITY AND COUNTY OF SAN FRANCISCO
## FOR COMMON COUNTS

23.    Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth, Paragraphs 1 through 22 of this Complaint.

24.    Within the last four years Defendant United Health Care became indebted to San Francisco General Hospital for money it had and received for the use and benefit of Plaintiff for services rendered to Plaintiff for which Defendant promised to pay in the sum of $8,726.00, said amount being the reasonable value due and unpaid despite Plaintiffs demand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For declaratory relief;

2.    For indemnity by United Healthcare Insurance Company;

3.    For costs of suit herein;

4.    For all benefits to which plaintiff is entitled under ERISA from United Healthcare Insurance Company ;

6..    For all such other and further relief as the Court may deem proper.

Dated: September 13, 2007

NORMAN NEWHOUSE
Attorney for Plaintiff JACK HANNA

Second Amended Complaint for Declaratory Relief, Indemnity, Common Count and Erisa Claims

5

**Hanna v. City of San Francisco, et al.**
U.S.D.C., Northern District, San Francisco Court No.: C 073639 EDL

**PROOF OF SERVICE**
(Business Practice to Entrust Deposit to Others)
(C.C.P. Section 1013a(3))

I, Ana Molina, declare:
I am employed in the County of San Mateo, California. I am over the age of 18 years, and not a party to the within action. My business address is 483 Seaport Court, Suite 103, Redwood City, California 94063.
On the date stated below, at my place of business at Redwood City, California, I caused to be served, in the manner indicated below, the within: **SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INDEMNITY, COMMON COUNT AND ERISA CLAIMS** on the interested parties in said action by placing true copies thereof, enclosed in a sealed envelope, addressed as follows:

Dennis J. Herrera, Esq.
City Attorney
Joanne Hoeper, Esq.
Chief Trial Deputy
Leonor Noguez, Esq.
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA 94102-5408
Telephone: 415/554-3854
Facsimile:  415/554-3837

Dennis G. Rolstad, Esq.
Jamison R. Narbaitz, Esq.
Sedgwick, Detert, Moran & Arnold, LLP
1 Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Telephone: 415/781-7900
Facsimile:  415/781-2635

David M. Humiston, Esq.
Edward A. Stump, Esq.
Sedgwick, Detert, Moran & Arnold, LLP
801 S. Figueroa Street, 19th Floor
Los Angeles, CA 90017-5556
Telephone: 213/426-6900
Facsimile:  213/426-6921

_X_ (BY REGULAR MAIL) I caused such envelopes with postage thereon fully prepaid to be placed in the U.S. Mail at Redwood City, California.

____ (BY CERTIFIED MAIL-RETURN RECEIPT REQUESTED) I caused such envelopes with postage thereon fully prepaid to be placed in the U.S. Mail at Redwood City, California.

____ (BY FEDERAL EXPRESS OVERNIGHT MAIL) I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

____ (BY PERSONAL DELIVERY) I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

____ (BY FACSIMILE) I served the foregoing documents by facsimile transmission to the number shown above for each interested party, pursuant to California Rules of Court Section 2003(3) and no notice of error was received.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 13, 2007 in the City of Redwood City, County of San Mateo, California.

Ana Molina